IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 10-120 |
| | ) | |
| SHERWOOD STEVENSON | ) | |

### MEMORANDUM AND ORDER OF COURT

Presently before the court is the government's motion for reimbursement of costs of court appointed counsel, the defendant's motion to dismiss the government's motion and supplemental filing regarding defendant's assets, and the government's response to defendant's motion. Upon due consideration of those papers, as well as the arguments of counsel on this issue heard at the sentencing hearing held on November 28, 2011, and in light of the statement of attorney hours and other expenses relating to defendant's representation submitted by the Federal Public Defender, the court will grant the government's motion for reimbursement and deny defendant's motion to dismiss the government's motion.

On June 15, 2010, a grand jury returned a one-count indictment against Sherwood Stevenson ("defendant") charging him with travel with intent to engage in illicit sexual conduct. Following an initial appearance on June 21, 2010, defendant submitted a financial affidavit in support of his request for a court appointed attorney on June 23, 2010.

Defendant was arraigned on June 25, 2010, before Magistrate Judge Francis X. Caiazza. On that same date, Magistrate Judge Caiazza issued an order granting petitioner's request for the appointment of counsel under 18 U.S.C. §3006A of the Criminal Justice Act of 1964 ("CJA") but "with the proviso that the Court may require him to pay all or a part of the cost of his representation at the conclusion of the case" as the information provided by the defendant in his affidavit indicated that he "may or may not be indigent" within the meaning of the CJA.

Petitioner ultimately entered a plea of guilty to the charged offense and was sentenced to a term of imprisonment of 57 months to be followed by a term of supervised release of 15 years. He also was ordered to pay a fine in the amount of $10,000 and a special assessment of $100.

Prior to sentencing, the government filed the pending motion for an order requiring defendant to reimburse the government for his court appointed counsel asserting that the information contained in the presentence report establishes that defendant has the financial ability to pay for his defense.

Defendant responded with a motion to dismiss the government's motion for reimbursement arguing that the interests of justice do not support a reimbursement order because a "lack of assets to fund stable housing and mental health and medical treatment" upon defendant's release would place an "undue burden" not only on

AO 72
(Rev. 8/82)

defendant, but "the Probation Office and the community at large." Defendant also submitted a supplementary filing regarding defendant's assets.

At the sentencing hearing on November 28, 2011, both parties were afforded the opportunity to be heard on the reimbursement issue. The court directed defendant to submit in writing information relating to the resources expended by the Federal Public Defender's Office during its representation of defendant, and the defendant has done so.

The court first rejects defendant's argument that the government lacks standing to seek reimbursement of attorney's fees for defendant's court-appointed counsel. Petitioner has not cited to any authority for this proposition and the court has found none. In any event, it is clear that the court has the inherent authority to order reimbursement under appropriate circumstances. See, 18 U.S.C. §3006A(c); United States v. Gravatt, 868 F.2d 585, 591 (3d Cir. 1989)(appointment of counsel may be conditioned on defendant's obligation to repay the government for his defense costs should it later develop that he is financially able to do so). Accordingly, regardless of whether the government has "standing," this court has the authority to order reimbursement sua sponte, and, in fact, was inclined to do so in this case even prior to the government's filing of its motion.

AO 72
(Rev. 8/82)

Having concluded that the court has the authority to order reimbursement, the court next turns to the issue of whether reimbursement is appropriate in this case. The defendant has the burden of establishing financial eligibility for appointed counsel. Gravatt, 868 F.2d at 588.

Under 18 U.S.C. § 3006A(a)(1)(A) of the CJA, "[r]epresentation shall be provided for any financially eligible person who is charged with a felony." The Act provides that in every case in which a person entitled to representation appears without counsel:

> the United States magistrate or the court shall advise the person that he has the right to be represented by counsel and that counsel will be appointed to represent him <u>if he is financially unable to obtain counsel</u>. Unless the person waives representation by counsel, the United States magistrate or the court, if satisfied after appropriate inquiry that the person is <u>financially unable to obtain counsel</u>, shall appoint counsel to represent him.

(emphasis added).

Although the CJA does not define financial eligibility, §210.40.30(a) of the Guide to Judiciary Policy (the "Guide") explains that a defendant is "financially unable to obtain counsel" if the defendant's "net financial resources and income are insufficient to obtain qualified counsel." Importantly, the Guide also provides that "[a]ny doubts as to a person's eligibility should be resolved in the person's favor" and that

4

"erroneous determinations of eligibility may be corrected at a later time." §210.40.30(b).

Here, upon review of defendant's financial affidavit, Magistrate Judge Caiazza appropriately resolved his doubts as to defendant's eligibility in favor of defendant and appointed him counsel "with the proviso that the Court may order defendant to pay back all or part of the cost of his representation at the conclusion of his case" as authorized under §210.40.30(b) of the Guide.

The CJA provides a mechanism for a later correction of the eligibility determination. 18 U.S.C. §3006A(f). The Act provides that "[w]henever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid ... to the court for deposit in the Treasury as a reimbursement to the appropriation ... to carry out the provisions of this section." Id.; see also § 230.40(c) of the Guide.

The Guide elaborates on what a court may consider when determining whether the person has funds "available" to pay for representation. It states that prior to sentencing, the court should consider "the information contained in the presentence report, the court's intention with respect to fines and restitution, and all other available data bearing on the person's

5

financial condition, in order to make a final determination concerning whether the person <u>then</u> has funds available to pay for some or all of the costs of representation." Guide, § 210.40.30(d). Then, "in appropriate circumstances, [the court] should order the person to reimburse" the costs of representation. <u>Id.</u>

Accordingly, a district court may impose a reimbursement order if it "finds that the person is financially able to obtain counsel or to make partial payment for the representation" or "finds that funds are available for payment from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(c) & (f). The focus is on the defendant's <u>present</u> ability to pay for his representation. <u>United States v. Evans</u>, 155 F.3d 245, 252 (3d Cir. 1998); <u>see</u> 18 U.S.C. § 3006A(c) (referring to person that "is" financially able to obtain counsel); 18 U.S.C. § 3006A(f) (referring to funds that "are" available); <u>United States v. Jimenez</u>, 600 F.2d 1172, 1174 (5th Cir.1979) (recognizing that statute is written in present tense).

The burden is on the defendant to prove by a preponderance of the evidence that he is financially unable to reimburse the cost of representation. <u>Evans</u>, 155 F.3d at 252; <u>Gravatt</u>, 868 F.2d 585 at 588. However, this does not relieve the district court of its responsibility to inquire into the defendant's current financial status taking into account the defendant's personal and family

6

needs and the liquidity of his finances. <u>Evans</u>, 155 F.3d at 252, n. 8 (citations omitted); <u>see</u>, generally, ¶ 2.04.

Here, the court finds that defendant has failed to meet his burden of proving that he is financially unable to reimburse the cost of his representation in this case. In making this finding, the court has considered defendant's current financial status as set forth in the presentence report as well as defendant's supplementary filing regarding his assets. The court also has considered the standards for eligibility set forth in §210.40.30 of the Guide.

Defendant currently has significant income and assets as set forth in the presentence report and also owns a home with 89 acres of land.[1] He has no debt, has never been married and has no dependents. Although defense counsel argues that the court should take into account the medical and mental health expenses that defendant may have when he is released from prison, the appropriate inquiry is not defendant's future need, but his present ability to pay. Accordingly, this court believes that reimbursement is appropriate in this case.

In making this determination, the court recognizes that "CJA funds are a necessarily limited resource" and that the public has

---

[1] The presentence report indicates that defendant has liquid assets of almost $300,000. Defendant's supplemental filing regarding assets lists income and assets in the amount of slightly over $200,000. Accepting either number, defendant is financially able to reimburse the cost of his representation.

7

a "strong interest in how its funds are being spent in the administration of criminal justice." United States v. Parker, 439 F.3d 81, 109 (2d Cir. 2006). Accordingly, "[t]he reimbursement statute, which was duly enacted to carry out salutary policies and which provides for notice of the intended order of recoupment, creates a constitutionally proper ground for depriving a financially able defendant of available funds which, in fairness, should be remitted to the public coffers." United States v. Bracewell, 569 F.2d 1194, 1197 (2nd Cir. 1977)(citation omitted).

Having concluded that reimbursement is warranted in this case, the court next must determine the amount. As directed by the court, the assistant federal public defender has provided the court with information relating to the resources expended by the federal public defender's office in representing defendant in this case. This information shows that AFPD Marketa Sims spent 51 hours on the case; Akin Adepoju, a "relatively junior attorney" spent 49 hours; the staff investigator spent 29.8 hours; and, there were expenses in the amount of $259.25.

Accordingly, the court will enter an order requiring defendant to reimburse the government in the amount of $13,024.25 for the costs of his representation in this case, calculated as follows:

- ♦ $6,375.00 for work performed by AFPD Sims (51 hours @ $125/hour)

8

AO 72
(Rev. 8/82)

- $4,900.00 for work performed by Attorney Adepoju (49 hours @ $100/hr)
- $1,490.00 for work performed by the staff investigator (29.8 hours @ $50/hr)
- $259.25 for expenses

In conclusion, to conserve the limited resources of the public defender for those truly unable to afford qualified counsel, federal judicial officers must carefully review the financial data of each defendant to determine those defendants who can afford to pay for counsel. <u>United States v. Konrad</u>, 2011 WL 6739464 at *6 (E.D. Pa., December 21, 2011). Here, the court has determined for the foregoing reasons that defendant can afford to pay for the costs of his representation.

An appropriate order follows.

## ORDER OF COURT

AND NOW, this 28th day of March, 2012, IT IS ORDERED that the government's motion for an order reimbursing the United States Treasury for costs of court appointed counsel (Document No. 63), be, and the same hereby is, **granted**; and,

IT FURTHER IS ORDERED that defendant's motion to dismiss the government's motion for costs of court appointed counsel (Document No. 65) be, and the same hereby is, **denied**; and,

IT FURTHER IS ORDERED that defendant be, and hereby is, ordered to reimburse the government in the amount of $13,024.25 for the costs of his representation by the Federal Public Defender's Office. The payment should be made by check or money order to the clerk of court for deposit into the Treasury, where it will be credited to the Defender Services appropriation.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Stephen R. Kaufman
Assistant U.S. Attorney

Marketa Sims
Assistant Federal Public Defender

Clerk of Court
Finance Deparment